UNITED STATES DISTRCT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL H. NOVASKY, a single person, <br><br> Plaintiff, <br><br> vs. <br><br> ADAM C. CLINTON, an individual, JACOB W. BRISKEY, an individual, CHRISTOPHER G. HALL, an individual, DONNIE LOWE, an individual, JOHN W. CRUMB, an individual, THOMAS A. UMPOROWICZ, JR., an individual, JOHN DOES 1-10, individuals, THE SEATTLE POLICE DEPARTMENT, and THE CITY OF SEATTLE, a municipal corporation, <br><br> Defendants. | Case No.: <br><br> COMPLAINT <br><br> (JURY DEMAND) |

COMES NOW the plaintiff, Paul H. Novasky (Novasky), a single person, by and through his attorneys, Kenneth M. Brown, Jacqueline K. Walsh and Mark A. Larrañaga of Walsh & Larrañaga, and alleges as follows:

1

COMPLAINT

WALSH & LARRAÑAGA
705 SECOND AVE., SUITE 501
SEATTLE, WA 98104
206-325-7900

**PRELIMINARY STATEMENT**

1. This is a civil action against the City of Seattle and individual police officers employed by the Seattle Police Department, for violating Paul Novasky's civil and constitutional rights by subjecting him to unreasonable and excessive force on May 1, 2013 and causing him to suffer pain and suffering.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). This Court has supplemental jurisdiction over the plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events that support the plaintiff's allegations occurred in this judicial district and because the defendants reside in this judicial district.

**PARTIES**

4. Plaintiff Novasky is a resident of King County, Washington.

5. Defendant Adam C. Clinton is an individual residing in this jurisdiction. At all times relevant hereto were acting in the scope and course of their employment as police officers with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Clinton were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

6. Defendant Jacob W. Briskey is an individual residing in this jurisdiction. At all times relevant hereto were acting in the scope and course of their employment as police

COMPLAINT

WALSH & LARRAÑAGA
705 SECOND AVE., SUITE 501
SEATTLE, WA 98104
206-325-7900

officers with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Briskey were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

7. Defendant Christopher G. Hall is an individual residing in this jurisdiction. At all times relevant hereto were acting in the scope and course of their employment as police officers with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Hall were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

8. Defendant Donnie Lowe is an individual residing in this jurisdiction. At all times relevant hereto were acting in the scope and course of their employment as police officers with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Lowe were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

9. Defendant John W. Crumb is an individual residing in this jurisdiction. At all times relevant hereto were acting in the scope and course of their employment as police officers with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Crumb were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

10. Defendant Thomas A. Umporowicz, Jr. is an individual residing in this jurisdiction. At all times relevant hereto were acting in the scope and course of their employment as police officers with the Seattle Police Department, an employee of the City of

COMPLAINT

WALSH & LARRAÑAGA
705 SECOND AVE., SUITE 501
SEATTLE, WA 98104
206-325-7900

1  Seattle, and was acting within the course and scope of his employment.  All acts committed

2  by Defendant Umporowicz, Jr. were done under color of the laws of the State of Washington

3  and under the authority of his position as a police officer with the Seattle Police Department.

4        11.    Plaintiff anticipates the possibility that there will be other individual

5  defendants, not currently known by name, who were employed by and/or were agents of the

6  City of Seattle and who bear liability for the allegations herein.  Because plaintiff does not

7  currently know the names of all such individuals, they are identified in this complaint by the

8  pseudonyms John Does 1-10, and plaintiff may seek to amend this complaint to add them as

9  individual defendants as discovery and investigation progress.

10        12.    Defendant City of Seattle is a governmental entity and a municipal corporation

11  operating in this judicial district.  Among its departments is the Seattle Police Department,

12  which is responsible for traditional law enforcement activities within the City of Seattle.

## **FACTUAL ALLGATIONS**

14        13.    Plaintiff incorporates and re-alleges paragraphs 1 through 12 above.

15        14.    In the late afternoon-early evening hours of May 1, 2013, May Day activist

16  were congregated around Pine Street in Seattle, Washington.

17        15.    The named defendants and other members of Seattle Police Department

18  arrived at the location and directed the protesters to disperse.

19        16.    Plaintiff Paul Novasky, who was not a member of the protesters, was waiting

20  at a bus station on Pine Street, near Eighth and Ninth Avenue, in Seattle, Washington.

21        17.    Defendants confronted Paul Novasky and, without lawful cause, ordered him

22  out of the three sided bus shelter.  As Paul Novasky reached for his bag, defendants grabbed

23  Paul Novasky, handcuffed him and threw him to the ground.  Defendants slammed Paul

24  Novasky's face and head into the ground; further, he was unlawfully kicked and assaulted him

25  while he lay prone and defenseless on the street.

18. Paul Novasky was placed in custody, transported to Seattle Police Department, West Precinct and subsequently taken to Harborview Medical Center because of the injuries he sustained.

19. Paul Novasky was charged in Seattle Municipal Court with one count of Obstructing a Public Officer (Seattle Municipal Code (SMC)12A.6.010), one count of Resisting Arrest (SMC 12A.16.050), and one count of Failure to Disperse (SMC 12A.12.020).

20. All charges were ultimately dismissed by the City of Seattle Prosecutor's Office on August 21, 2014; but not before Paul Novasky had spent considerable time in the King County Jail.

21. Paul Novasky sought further medical attention after his release from the King County Jail. Medical records show substantial and long-lasting injuries caused by unlawful conduct of the defendants.

## CLAIMS

### Excessive Force (42 U.S.C. § 1983)

22. As a result of the allegations contained herein, Defendants are liable to Mr. Novasky under 42 U.S.C. § 1983 for violating Mr. Novasky's constitutional rights by subjecting him to unlawful arrest, and excessive and unreasonable force.

### Common Law Claims

23. As a result of the allegations contained herein, the individual Defendants are liable to Mr. Norvasky for common law torts under Washington law, including assault, battery, and negligence.

### JURY DEMAND

24. Plaintiff demands trial by jury.

5

COMPLAINT

WALSH & LARRAÑAGA
705 SECOND AVE., SUITE 501
SEATTLE, WA 98104
206-325-7900

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays that the Court award:

A. Compensatory, consequential and/or nominal damages in an amount to be proven at trial, in amounts sufficient to compensate Mr. Novasky for past and future medical expenses and other past and future costs of care, pain, suffering, disfigurement, emotional distress, loss of enjoyment of life, and other damages attendant to the physical and mental injuries caused by the defendants;

B. Punitive damages against the individual defendants, in an amount to be proven at trial;

C. Reasonable attorneys' fees, costs, and prejudgment interest incurred in pursuing this action as provided for in 42 U.S.C. § 1988; and,

D. Any such other relief that this Court deems just and equitable under the circumstances of this case.

Signed and dated this 26th day of, April, 2016.

By: *s/ Kenneth M. Brown, Jr.*
Kenneth M. Brown, Jr., WSBA # 3851
Law Office of Kenneth M. Brown Jr.
PO Box 17795
Seattle, WA  98127-1300
Telephone:    (206) 623-6302
Fax:              (206) 624-3865
E-mail:         KMB@seanet.com

1
By: *s/Jacqueline K. Walsh* _____
Jacqueline K. Walsh, WSBA#21651
Law Office of Walsh & Larrañaga
2  705 Second Ave., Suite 501
Seattle, WA 98104
3  Telephone:     (206) 325-7900
Fax:              (206) 322-4305
4  E-mail:           jackie@jamlegal.com

5  By: *s/ Mark A. Larrañaga*
Mark A. Larrañaga, WSBA#22715
6  Law Office of Walsh & Larrañaga
705 Second Ave., Suite 501
7  Seattle, WA 98104
Telephone:     (206) 325-7900
8  Fax:              (206) 322-4305
E-mail:           mark@jamlegal.com
9
Attorneys for Plaintiff Paul H. Novasky
10

COMPLAINT

WALSH & LARRAÑAGA
705 SECOND AVE., SUITE 501
SEATTLE, WA 98104
206-325-7900